J-A21004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HAROLD L. ZUBERS, JR., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PENN PHOTOMOUNTS, INC. AND C. DAVID MATTHIAS, | |
| Appellants | No. 3447 EDA 2015 |

Appeal from the Order Entered October 19, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  2015-1839

| | |
|---|---|
| HAROLD L. ZUBERS, JR., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PENN PHOTOMOUNTS, INC. AND C. DAVID MATTHIAS AND ALISON S. MATTHIAS, | |
| Appellants | No. 3448 EDA 2015 |

Appeal from the Order Entered October 19, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  2015-1842

BEFORE:  BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 01, 2016**

Appellants, Penn Photomounts, Inc. (Penn Photomounts) and C. David

Matthias (Mr. Matthias) and Alison S. Matthias (Mrs. Matthias), appeal from

the October 19, 2015 orders denying their petition to open or strike the

confessed judgments that were brought against them in two separate cases by Appellee, Harold L. Zuber, Jr., as the assignee of two loans originating with Sovereign Bank. [1]   After careful review, we affirm.

On August 25, 2003, Penn Photomounts entered into a loan agreement with Sovereign Bank for the principal amount of $1,000,000.00, with Mr. Matthias named as the commercial guarantor of the sum's repayment in the event of default.   Trial Court Opinion (TCO), 3/16/16, at 2.   Penn Photomounts subsequently entered into a second loan agreement with Sovereign Bank on June 29, 2012, for the principal sum of $250,000.00, secured with the unlimited guaranty of Mr. Matthias and the limited guaranty of Mrs. Matthias. *Id.*

On February 26, 2015, Appellee filed complaints in confession of judgment in two separate actions to secure repayment of the foregoing loans.   Judgments were entered by the Delaware County Prothonotary in each case on the same date.   The first matter, captioned at Number 2015-1839, sought judgment in the amount of $804,770.56, against Mr. Matthias, as the commercial guarantor. *Id.*   The second action, captioned at Number 2015-1842, sought judgment in the amount of $275,061.50, against Appellants, Penn Photomounts (the borrower) and Mr. and Mrs. Matthias (the guarantors). *Id.*   On June 10, 2015, Appellants filed petitions to open

---

[1] This Court *sua sponte* consolidated the appeals at 3447 EDA 2015 and 3448 EDA 2015 by *per curiam* order entered January 25, 2016.

and/or strike the confessed judgments entered in both actions. After hearing argument on the petitions, the trial court entered orders dated October 19, 2015, denying Appellants' request for relief, in both cases.

On November 2, 2015, Appellants filed a notice of appeal[2] in each of the foregoing actions. The matters have since been consolidated on appeal. On December 21, 2015, Appellants timely filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellants present the following issues for our review:

1. As to Case No. 2015-1842, whether the trial court committed an error of law in refusing to strike the subject confessed judgment as to [Mrs. Matthias], since the express non-waivable conditions precedent to the pursuit and/or entry of a confessed judgment against [Mrs. Matthias] under her limited guaranty have neither occurred nor are alleged to have occurred in the complaint.

2. As to Case No. 2015-1842, whether the trial court committed an error of law in refusing to strike the subject confessed judgment as to [Mr. Matthias] since the non-waivable conditions precedent to the pursuit and/or entry of a confessed judgment against [Mr. Matthias] under his guaranty have neither occurred nor are alleged to have occurred in the complaint.

3. As to Case No. 2015-1842, whether the trial court committed an error of law in refusing to strike the subject confessed judgment as to [Mr. and Mrs. Matthias], since the allonges to NEPCO and, subsequently, to [Appellee] make no reference to anything other than the note being assigned to

_____

[2] Although Appellants' notices of appeal were docketed on November 23, 2015, a review of the record reveals that the notices were timely filed on November 2, 2015, as evidenced by the prothonotary's time-stamp.

NEPCO and [Appellee] – including no reference to the guarantees of [Mr. and Mrs. Matthias] as being assigned; therefore [Appellee] was not authorized to confess judgment against [Mr. Matthias] and/or [Mrs. Matthias].

4. As to Case No. 2015-1842, whether the trial court committed error in refusing to open the subject confessed judgment, as [Mrs. Matthias] maintains a valid defense, since the conditions precedent to the pursuit and/or entry of a confessed judgment against [Mrs. Matthias] under her limited guaranty have neither occurred nor are alleged to have occurred in the complaint, nor can they occur.

5. As to Case No. 2015-1842, whether the trial court committed error in refusing to open the subject confessed judgment, as [Mr. Matthias] maintains a valid defense, since the conditions precedent to the pursuit and/or entry of a confessed judgment against [Mr. Matthias] under his guaranty have neither occurred nor are alleged to have occurred in the complaint.

6. As to Case No. 2015-1842, whether the trial court committed error in refusing to open the subject confessed judgment, as [Mr. and Mrs. Matthias] maintain a valid defense, since the allonges to NEPCO and, subsequently, to [Appellee], make no reference to anything other than the note being assigned to NEPCO and [Appellee] – including no reference to the guaranties of [Mr. and Mrs. Matthias] as being assigned; therefore, [Appellee] was not authorized to confess judgment against [Mr. Matthias] and/or [Mrs. Matthias].

7. As to Case No. 2015-1842, whether the trial court committed error in refusing to open the subject confessed judgment, as [Appellants] maintain a valid defense, since [Appellee's] claim for attorneys' fees is excessive and not reasonable.

8. As to Case No. 2015-1839, whether the trial court committed an error of law in refusing to strike the subject confessed judgment, since the failure to attach the Carve Out Agreement – despite the fact that it provided for certain modifications to the terms of note upon which [Appellee] claims default and, consequently, the authority to confess judgment against [Appellants] – constitutes a defect on the face of the complaint.

9. As to Case No. 2015-1839, whether the trial court committed an error of law in refusing to strike the subject confessed judgment, since the failure to attach the 2003 and 2006 Business Loan Agreements – despite the fact that those agreements constituted related documents affecting the indebtedness and the note upon which [Appellee] claims default and, consequently, the authority to confess judgment against [Appellants] – constitutes a defect on the face of the complaint.

10. As to Case No. 2015-1839, whether the trial court committed error in refusing to open the subject confessed judgment, since the failure to attach the Carve Out Agreement – despite the fact that it provided for certain modifications to the terms of note upon which [Appellee] claims default and, consequently, the authority to confess judgment against [Appellants] – constitutes a valid defense to the confessed judgment.

11. As to Case No. 2015-1839, whether the trial court committed error in refusing to open the subject confessed judgment, since the failure to attach the 2003 and 2006 Business Loan Agreements – despite the fact that those agreements constituted related documents affecting the indebtedness and the note upon which [Appellee] claims default and, consequently, the authority to confess judgment against [Appellants] – constitutes a valid defense to the confessed judgment.

12. As to Case No. 2015-1839, whether the trial court committed error in refusing to open the subject confessed judgment, as [Appellants] maintain a valid defense, as [Appellee's] claim for attorneys' fees is excessive and not reasonable.

Appellants' Brief at 2-6.

Initially, we are compelled to find that to the extent Appellants argue that the trial court erred in relying on allegations *dehors* the record in

support of its refusal to strike the confessed judgments,[3] these claims are waived, as Appellants' Rule 1925(b) concise statement is completely devoid of any such issues.[4] It is well-settled under Pennsylvania law, that "[a]n appellant's failure to include an issue in his Rule 1925(b) statement waives that issue for purposes of appellate review." *Madrid v. Alpine Mountain Corp.*, 24 A.3d 380, 382 (Pa. Super. 2011); *see also Sovich v. Estate of Sovich*, 55 A.3d 1161, 1165 (Pa. Super. 2012) (stating "issues not raised in the lower court are waived and cannot be raised for the first time on appeal") (quoting Pa.R.A.P. 302(a)).

In regards to Appellants' remaining issues, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have reviewed the thorough and well-crafted 32–page opinion of the Honorable Charles B. Burr, S.J., of the Court of Common Pleas of Delaware County, entered March 17, 2016. We conclude that Judge Burr's extensive, well-reasoned opinion accurately disposes of the issues presented by Appellants. Accordingly, we adopt Judge Burr's opinion as our own and affirm the orders on that basis.

_____

[3] *See* Appellants' Brief at 28-31.

[4] The trial court issued an order dated November 30, 2015, directing Appellants to file a Rule 1925(b) concise statement of errors complained of on appeal within 21 days from the date of the order. The order further provided "that any issue not properly included in the statement timely filed and served pursuant to Pennsylvania Rule of Appellate Procedure No. 1925(b) *shall be deemed waived*." TCO, 11/30/15, at 1 (emphasis added).

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/1/2016</u>

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

HAROLD L. ZUBER, JR., Successor to
SOVEREIGN BANK, N.A. f/k/e
SOVEREIGN BANK

     V.

PENN PHOTOMOUNTS CO., INC., and
C. DAVID MATTHIAS

:   NO. 15-001839
:   Pennsylvania Superior Court Docket
:   Number 3447 EDA 2015
:
:
:
:
:
:

---

HAROLD L. ZUBER, JR., Successor to
NEW ENGLAND PHOENIX CO., INC.

     V.

PENN PHOTOMOUNTS CO., INC., and
C. DAVID MATTHIAS and
ALISON S. MATTHIAS

:   NO. 15-001842
:   Pennsylvania Superior Court Docket
:   Number 3448 EDA 2015[1]
:
:
:
:
:
:
:

JOHN A. WETZEL, ESQUIRE and SEAMUS M. LAVIN, ESQUIRE, Attorneys for the
Plaintiff.
PHILIP S. ROSENZWEIG, ESQUIRE, and MALCOLM S. GOULD, ESQUIRE, Attorneys for
the Defendants/Petitioners, Penn Photomounts Co., Inc., C. David Matthias and Alison S.
Matthias.
LOUIS KODUMAL, ESQUIRE, Attorney for the Intervenor, SWG Realty Associates III, L.P.
and Phonetics, Inc.[2]

## OPINION

BURR, S.J.                                     FILED:    March 16, 2016

The Defendants/Petitioners, Penn Photomounts Co., Inc., C. David Matthias and

Alison S. Matthias (hereinafter, "Defendants"), have appealed from this Court's Orders denying

---

[1]   The Pennsylvania Superior Court entered the following Order in these actions on January 25, 2016:

"Review of the appeals at Nos. 3447 EDA 2015 and 3448 EDA 2015 indicates that these appeals involve related issues and parties. Therefore the appeals at Nos. 3447 EDA 2015 and 3448 EDA 2015 are CONSOLIDATED. See Pa.R.A.P. 513."

Therefore, the issues raised by the Defendants in both of the above-captioned appeals are discussed in this single Opinion.

[2]   It is here noted that SWG Realty Associates III, L.P. and Phonetics, Inc., the landlord of the warehouse and office space in which equipment guaranteed by the Defendants as collateral for the within Loan obligations remained situated, filed a Petition to Intervene in these proceedings. The intervention was sought on grounds of a potential loss of a right to recover damages caused by the Sheriff's refusal to enforce the landlord's Writ of Possession of the real estate due to an inability to extract and remove the Defendants' unwieldy pieces of equipment. (10/19/15 N.T. 4-6, 7-8, 10-14). When advised by the Court at the close of the Hearing on the Defendants' Petitions to Strike or Open the instant Confessed Judgments that the said Petitions would be denied, Counsel for the Intervenor conceded, and the Court ruled, that the Petition to Intervene was necessarily dismissed as moot, inasmuch as the Plaintiff, henceforth, would be empowered to remove and sell the subject equipment. (Id., 21, 27-30).

their Petitions to Strike or Open the Confessed Judgments reflected in the above-listed case captions and appeal docketing numbers that were brought against them by the Plaintiff, Harold L. Zuber, Jr., as the Assignee of two Loans secured by the personal Guaranties of the Defendant, C. David Matthias, in the first instance and the Defendants, C. David Matthias and Alison S. Matthias, in the second, to the original Lender, Sovereign Bank, and its successors and assigns.

The Plaintiff filed the above-captioned Complaints in Confession of Judgment with this court on February 26, 2015 in order to secure repayment of the foregoing Loans. The first of these actions, captioned at Number 2015-1839, seeking judgment in the amount of $804,770.56, listed the Plaintiff as the Assignee of Sovereign Bank as Lender and the Defendant, Penn Photomounts Co., Inc., as Borrower, and the Defendant, C. David Matthias, as Commercial Guarantor. The second action, captioned at Number 2015-1842, seeking judgment in the amount of $275,061.50, listed the Plaintiff as the successor to New England Phoenix, Co., Inc., (hereinafter, NEPCO) and the Defendants as the Borrower, Penn Photomounts Co., Inc., and C. David Matthias and Alison S. Matthias as Guarantors. The Defendant, Penn Photomounts Co., Inc., was averred in both of the Complaints to have entered into the instant Loan Agreements with Sovereign Bank, the first on August 25, 2003, for the principal amount of $1,000,000.00, with the Defendant, C. David Matthias, as the Commercial Guarantor of the sum's repayment in the event of default. (2015-1839 Complaint, ¶¶ 3, 5-6, with copies of the subject Note and the Defendant's, Mr. Matthias, Unlimited Guaranty appended as Exhibits A and B, respectively, thereto). The second Loan Agreement, entered into on June 29, 2012, was for the principal sum of $250,000.00, with the Defendants, C. David Matthias and Alison S. Matthias, assuming the obligation for repayment as Unlimited and Limited Guarantors,[3] respectively, of the balance of

---

[3] The Defendant's, Allison S. Matthias, liability to "Sovereign Bank, N.A. (including its successors and assigns)" was expressed in her Limited Guaranty as follows:

"The liability of the Guarantor hereunder shall be limited to the amount which the Bank realizes from any and all collateral granted by the Guarantor to the Bank, specifically, the property commonly known as 116 Pine Tree Road, Radnor PA 19087-3735 from time to time plus,

the Loan's repayment in the event of default. (2015-1842 Complaint, ¶¶ 3, 5-6, with copies of the Note and the Defendant's, C. David Matthias, Commercial Guaranty, and the Defendant's, Alison S. Matthias, Limited Guaranty appended as Exhibits A, B and C, respectively, thereto). The Plaintiff's separate claims for confessed judgment on the two Promissory Notes, as well as the Defendants' Petitions to Open or Strike the Confessed Judgments and the Plaintiff's responses are set forth and discussed under the appropriate headings below.

## I. Appeal Docketed in the Pennsylvania Superior Court at Number 3447 EDA 2015 Harold L. Zuber, Jr., Successor to Sovereign Bank, N.A. v. Penn Photomounts Co., Inc. and C. David Matthias, Delaware County Court of Common Pleas Caption Number 15-001839

The Plaintiff alleged in the Confession of Judgment Complaint captioned at Number 2015-1839 that the $1,000,000.00 Loan of August 25, 2003, the terms for which are set forth in a Promissory Note to the Defendant, Penn Photomounts Co., Inc., and secured with the Commercial Guaranty of the Defendant, C. David Matthias, reached its maturity date of June 30, 2004, at which time all outstanding debt on the Note, plus interest that accrued after default, became due and owing. (*Id.*, ¶¶ 7-8). The Plaintiff further contended that, on June 28, 2012, "by means of a Loan Sale Agreement and an *Allonge*, Plaintiff had acquired the Loan and accompanying Loan Documents, including the Note, from Bank," and that the remaining balance on the Note before interest, less "carved out obligations, as set forth at Exhibit C To Loan Sales Agreement at page 11 of the Loan Sale Agreement, was and is $731,609.60."[4] (*Id.*, ¶ 9; Loan

---

without limitation as to the amounts thereof, all costs and expenses, including court costs and legal expenses, incurred or expended by the Bank in connection with amounts recoverable under this Guaranty or respecting such collateral from the time such amounts become due until payment, with interest thereon at the rate applicable to such obligations and liabilities. The liability of the Guarantor shall not be diminished by virtue of any payments made in reduction of the obligations guaranteed hereby by any other person, including any other guarantor or from any other source, unless and until all obligations and liabilities of the above Borrower to the Bank have been fully paid and performed. The Bank's dealings respecting the obligations need not be limited to any particular sum, notwithstanding any limitation herein upon the liability of the Guarantor.

Notwithstanding anything contained herein to the contrary, the obligations of Guarantor and the Bank's right to payment hereunder are secondary and contingent upon the Bank first pursuing reasonable recourse for reimbursement from the Borrower, including, but not necessarily limited to the Bank's liquidation of the Borrower's assets set forth in Exhibit "A" then owned by the Borrower at the time of default, and providing written notice of the Bank's demand for payment under the Guaranty, which notice shall include the Bank's certification that it has pursued reasonable recourse against the Borrower." (2015-1842 Complaint, Limited Guaranty of the Defendant, Alison S. Matthias, Exhibit C, p. 1).

3

Sale Agreement - appended as Exhibit C to the Complaint captioned at Number 2015-1839). It is here noted that the defense averred that this Loan obligation had been purchased from the Lender for the sum of $400,000.00. (The Defendants', Penn Photomounts Co., Inc. and C. David Matthias, Petition to Open the Confessed Judgment captioned at Number 2015-1839, Paragraph 19, p. 5).

The Plaintiff appended the following documents as Exhibits to the 2015-1839 Confession of Judgment Complaint:

Exhibit A – $1 Million Promissory Note of August 25, 2003;

Exhibit B – Commercial Guaranty of the Defendant, C. David Matthias;

Exhibit C – Loan Sale Agreement between Sovereign Bank and the Plaintiff Purchaser with the *Allonge* appended thereto as Exhibit A and the Assignment and Acceptance Agreement signed by Sovereign Bank's representative and the Plaintiff appended thereto as Exhibit B. Exhibit 1 to that Assignment and Acceptance Agreement bore the following list of relevant documents said to have been appended thereto:

(1) Promissory Note of August 25, 2003;
(2) Business Loan Agreement executed and delivered by the Defendant, Penn Photomounts Co., Inc., to Sovereign Bank on August 25, 2003;
(3) Commercial Security Agreement dated August 25, 2003 executed and delivered by the Defendant, Penn Photomounts Co., Inc. to Sovereign Bank;
(4) Promissory Note dated August 17, 2006 in the original principal amount of $350,000.00 executed and delivered by the Defendant, Penn Photomounts Co., Inc., to Sovereign Bank;
(5) Business Loan Agreement dated August 17, 2006 executed and delivered by the Defendant, Penn Photomounts Co., Inc., to Sovereign Bank; and
(6) Commercial Guaranty dated September 19, 2001 executed and delivered by the Defendant, C. David Matthias, to Sovereign Bank;

Exhibit C appended to the Loan Sale Agreement was a graph representing sums due on the August 25, 2003 Loan Agreement, less "carved out obligations" in the amount of $250,000.00;

Exhibit D appended to the Loan Sale Agreement consisted of:

---

[4]     Footnote number one on page one of this Loan Sale Agreement specifically excluded from the Loan Documents assigned to the Plaintiff those which excluded obligations which were subject to the above-referenced "Carve-Out Agreement" that "reduced the principal balance due under the Loan Agreements by . . .$250,000.00." (*Id.*, p. 1, fn 1). The Loan Sale Agreement noted that the following documents had been transferred to the Plaintiff at the closing thereof "to take place no later than June 28, 2012": (1) an Assignment and Acceptance Agreement; (2) original Assignments, in recordable form, of any other recorded lien documents for which recordation is required; (3) the original of the Notes, or lost notes affidavits, whichever were available; (4) a statement as to the amount of principal, interest and other charges owing as of the date of transfer; and (5) original executed endorsements of the Notes, in an *Allonge*. (*Id.*, "Terms" – "Closing" Sections 4 and 5, pps. 1-2)).

4

(1) an *Allonge* from Sovereign Bank, N.A., paying the principal amount of the August 25, 2003 $1 Million Note to the Plaintiff pursuant to its Loan Sale Agreement with the Plaintiff dated June 29, 2012;

(2) an *Allonge* from Sovereign Bank, N.A., paying the principal amount of the August 17, 2006 Note in the amount of $355,000.00 to the Plaintiff pursuant to the Loan Sale Agreement dated June 29, 2012; and

(3) a Subordination Agreement referencing a prioritizing of liens upon the business assets of the Defendant, Penn Photomounts Co., Inc., securing the two Loans assigned to the Plaintiff by Sovereign Bank, N.A.

Exhibit D appended to the Confession of Judgment Complaint captioned at Number 2015-1839 is a duplicate copy of the *Allonge* to the Plaintiff for the $1 Million Loan pursuant to the Loan Sale Agreement dated June 29, 2012 which was appended as Exhibit A to the Loan Sale Agreement, and which was appended to this Confession of Judgment Complaint as Exhibit C.

Also attached to the within Confession of Judgment Complaint were graphs assessing the amounts of the judgment being confessed and damages assessed on the August 25, 2003 Note as outstanding principal in the amount of $771,609.60, as well as costs in the amount of $61.50 and $73,160.96 in contractual attorney fees of ten percent of the principal per note, all totaling $804,770.56, with a determination of the amount of interest not included in these statements. The Plaintiff additionally appended to the 2015-1839 Confession of Judgment Complaint an "Affidavit of Default" dated February 26, 2015, in which he stated:

"Harold L. Zuber, Jr., being duly sworn according to law, deposes and says he is authorized to make this Affidavit and the Defendants are in default under the terms of the instruments attached to the Complaint in Confession of Judgment, in that payment has not been made to Plaintiff in accordance with the terms thereof, as a result of which the amount of $804,770.56 is due and owing." (*Id.*, pp. 1-2).

The Promissory Note of August 25, 2003 guaranteed by the Defendant, C. David Matthias, bears express provisions necessitating that the terms of the Note shall be binding upon the Borrower and its successors and assigns and shall inure to the benefit of the Lender and its successors and assigns; and permits confession of judgment against the Borrower in the event of default. (Exhibit A to the Complaint captioned at Number 2015-1839, p. 2-3). The Note provided

5

that the following events, among others, would constitute an event of "Default" on the Note: the Borrower's failure to make payment when due, or to comply with or to perform any other term, obligation, covenant or condition contained in the Note and related documents, or the making by the Borrower or Guarantor of false or misleading statements to the Lender in any material respect at this or any other time thereafter. (*Id.*, p. 1). Further, the Defendant, C. David Matthias, warranted in his Commercial Guaranty of this Note that he "has not, and will not, without the prior written consent of Lender, sell, lease, assign, encumber, hypothecate, transfer, or otherwise dispose of all or substantially all of Guarantor's assets or any interest therein." (Exhibit B to the Complaint captioned at Number 2015-1839, p. 1). In addition, a Confession of Judgment provision in the Guaranty provided that the Guarantor waived the right to notice or a hearing in connection with the Confession of Judgment attendant to default. (*Id.*, pp. 3-4).

Section 6 of the Loan Sale Agreement appended as Exhibit C to the instant Confession of Judgment Complaint included the following "Representations and Warranties of Sovereign Bank" as Seller of the within Note to the Plaintiff: "(6.1) Documents Valid and Binding. This Agreement and all assignments and other documents executed by Sovereign Bank in connection with this transaction (the 'Transfer Documents'), when duly executed and delivered by Sovereign Bank, will constitute valid and legally binding obligations of Sovereign Bank in accordance with their terms. . .". (*Id.*, p 2). Section 8 of the Loan Sale Agreement governing "Non-Recourse, Disclaimer of Warranties", *excepting those made in the foregoing Section 6*, disclaimed, among others, warranties regarding the collectability of the Loan, the freedom of any loan collateral from liens and encumbrances, the genuineness of any signatures other than those of Sovereign Bank, and the execution, legality, validity, genuineness, sufficiency, value, transferability or enforceability of any collateral documents supporting the loan." (*Id.*, p. 3)(Emphasis added). Section 15.3 of the Loan Sale Agreement governing

6

"Successors and Assigns" stated that "[t]he terms and provisions of this Agreement shall be binding upon, shall inure to the benefit of, and shall be enforceable by, the successors and assigns of the parties hereto, provided that the Purchaser shall not have the right to assign this Agreement without the prior written consent of Sovereign Bank." (*Id.*, p. 6).

The Defendants, Penn Photomounts Co., Inc. and C. David Matthias, on June 10, 2015, or approximately four months after the Confessed Judgment captioned at Number 2015-1839 against them was filed, submitted their Petition to Strike or, in the Alternative, to Open the February [26, 2016] Confessed Judgment that was entered pursuant to the Complaint. The following grounds were asserted in support of this Petition to Strike that Confessed Judgment based on purportedly "fatal defects" appearing on the face of the record:

1. The failure to attach to the Complaint the aforesaid "Carve Out Agreement" despite its providing for certain modifications to the terms of the Note upon which Plaintiff claims default and, consequently, the authority to confess judgment against the Petitioners.

2. The failure to attach the August 25, 2003 and August 17, 2006 Business Loan Agreements between the Defendant, Penn Photomounts Co., Inc., and Sovereign Bank despite their constituting "related documents" affecting the Defendants' indebtedness, as well as the Note upon which default is claimed and, consequently, the authority to confess judgment against the Defendants.

3. The failure to aver that Plaintiff possesses the originals of the instruments upon which judgment has been confessed and his inability, in light of Sovereign Bank's disclaimer of warranties as to the genuineness of the signatures and enforceability of collateral documents supporting the Loan, to verify that the documents appended to the Complaint are true and correct copies of the originals. (Defendants Motion to Strike or Open Confessed Judgment captioned at Number 2015-1839, Paragraphs 15-16, 17-18, 25 a through c, pp. 4-7).

Alternatively, the Defendants alleged that the Plaintiff's failure to attach to the Complaint the above-mentioned Carve Out Agreement and Business Loan Agreements, as well as his purported inability to produce the original instruments upon which judgment was confessed constituted grounds for opening the within confessed judgment because they afforded the Defendants the opportunity to establish meritorious defenses. (*Id.*, Paragraph 27 a through c,

7

p. 7). In addition, the Defendants alleged that they could wage a valid defense against the Plaintiff's claim for attorneys' fees on grounds that they are excessive and unreasonable. (*Id.*, Paragraph 27 d, p. 7).

The Plaintiff's response to the Petition filed by the Defendants to Strike the Judgments Confessed against them was, first and foremost, that Plaintiff was left with no recourse but to confess judgment after the Defendants, C. David Matthias and Alison S. Matthias, had covertly sold their home that had served as collateral securing the confessed upon Notes and moved to Florida. (Plaintiff's Answers to Petition of Defendants, Penn Photomounts Co., Inc. and C. David Matthias, to Strike Off and/or Open Confessed Judgment captioned at Number 2015-1839, and the Petition of Defendants, Penn Photomounts Co., Inc., C. David Matthias and Alison S. Matthias, to Strike Off and/or Open Confessed Judgment captioned at Number 2015-1842, Paragraphs 1 – 4 and *passim*). Moreover, the record clearly adduces that the Defendants have not denied owing the balances due on both of the confessed upon Notes, nor having sold the subject collateral and moving to Florida without notification to the Plaintiff Assignee of both of these Loans. Hence, fulfillment of the condition precedent of an attempt to sell the executed upon Loan collateral before judgment could be confessed against the Defendant Limited Guarantor, Alison S. Matthias, was rendered impossible. (*Id.*).

Plaintiff additionally contended in his Answer to the Defendants' Petition to Strike the Judgment captioned at Number 2015-1839 that the "carved out" Note for $250,000.00 from the original $1 Million Loan to the Defendants had been ultimately purchased by the Plaintiff and constituted the subject matter of the Confessed Judgment Complaint captioned at Number 2015-1842. (*Id.*, Paragraphs 40 – 54, pp. 10-14). Hence, according to the Plaintiff, there could be no such irregularity or fatal defect of record upon which judgment had been entered on either Note and, that by selling the collateral without notice to the Plaintiff, the Defendants made the

8

condition precedent upon which they seek relief in the action captioned at Number 2015-1842, impossible for the Plaintiff to fulfill. (*Id.*, Paragraph 54, p. 14). The Plaintiff additionally averred that: "Defendants would have this Court endorse their malfeasance as they simultaneously hide behind it." (*Id.*, and *passim*). Finally, the Plaintiff continually averred that the Defendants have proffered neither evidence nor case law supporting their contentions that Plaintiff is not a holder in due course of this Note who lacks the authority to confess judgment on this instrument. (*Id.*, pp. 15-19).

The Plaintiff's response to the Defendants' contentions expressed in their Petition to Open the Confessed Judgment captioned at Number 2015-1839 that this relief was warranted on grounds that defenses were available from the technical grounds alleged in their Petition to Strike the Judgment is, again first and foremost, that Plaintiff was left with no recourse but to confess judgment after the Defendants had covertly sold the collateral securing the confessed upon Notes and moved to Florida. (Plaintiff's Answer to Petition of Defendants, Penn Photomounts Co., Inc. and C. David Matthias, to Strike Off and/or Open Confessed Judgment captioned at Number 2015-1839, Paragraphs 77, 110, pp. 19, 26). Plaintiff also reasserted that any claim of his failure to provide documentation surrounding the "Carve Out" Note was overcome by the fact that this obligation became the subject of the confessed judgment captioned at Number 2015-1842. (*Id.*, Paragraphs 77-91, pp. 19-24). The Plaintiff insisted that the Defendants had failed to demonstrate in any way how the referenced Business Loan documents impacted upon the validity of his Confession of Judgment or the language of the Warrant of Attorney permitting the same, nor demonstrated that he is not a proper holder in due course of this Loan Obligation. (*Id.*, Paragraphs 92-114, pp. 24-27). To this contention the Court adds that the Lender's disclaimer of warranties of the validity of the instruments and associated signatures raised by the Defendants in this context expressly excluded those surrounding the transfer of this Loan and its related

9

documents to the Plaintiff. (Loan Sale Agreement, Sections 6 and 8, pps. 2-3). Finally, the Plaintiff insisted that there was no meritorious defense available to the Defendants to his claim for attorney fees because they were established by a contract executed willingly and voluntarily by the Defendants. (Plaintiff's Answer to the Defendants' Petition to Strike the Confessed Judgment captioned at Number 2015-1839, Paragraphs 115-123, pp. 27-29). In the Court's opinion, the Defendants, who obviously are sophisticated business professionals who are knowledgeable and experienced in making large loans of this nature, executed all of the within documents with the ready advice of counsel.

The Defendants, through counsel, submitted the following supporting argument at the Hearing held on their Petitions to Strike and/or Open the within Confessed Judgments on October 19, 2015:

"Well, Your Honor, we've obviously filed a detailed petition . . .there are two actions. . .[2015]-1839 and [2015]-1842. I'm going first to focus on the issues in [2015]-1842 because that is the one that involves Penn Photomounts, Inc., David Matthias and Alison Matthias. This is a Confessed Judgment purportedly filed by Mr. Zuber as the assignee, basically two steps in the line of assignment from the original lender, Sovereign Bank. In connection with loan documents[,] Mr. Matthias[,] who was one of the owners of Penn Photomounts, Inc.[,] executed a [Guaranty] and Mrs. Matthias, who was basically just Mr. Matthias' wife executed a limited [Guaranty]. Now[,] in this case. . .confession – a judgment was being confessed against all three. However, the limited [Guaranty] is somewhat unique. It's not one of these laser pro documents that says the same thing as every other document. It has some very particular language in it that the confessing judgment Plaintiff did not comply with, doesn't even state in his [C]omplaint[,] a Confession of Judgment that he did comply with, therefore, failed to comply with a condition precedent which is a defect on the face of the record or at least under these documents would be ambiguous to require opening. I'm not going to go through the standards in connection with the Petition to Open [or] Petition to Strike because I know Your Honor is familiar with them before Your Honor with the Note Acquisition v. Morrison [102 Del. Co. Rep. 223-241 (May 22, 2015), *Aff'd,*, 2015 WL 6870607 (Pa. Super. 2015)(Memorandum Opn.)] case[,] so I know Your Honor is intimately familiar with the standards applicable to Petitions to Strike or Open Confessed Judgments. . ..

*****

"This particular limited [Guaranty] of Mrs. Matthias includes language, number one, that states notwithstanding any of the language contained therein[,] and the [Guaranty] did contain a Confession of Judgment provision[,] the obligations of the [G]uarantor and the

10

bank's right to payment hereunder are secondary and contingent upon the bank first pursuing reasonable recourse for reimbursement from the [B]orrower which is Penn Photomounts, the company, including[,] but not necessarily limited to the [B]ank's liquidation of [B]orrower's assets set forth in Exhibit A. That's the list of all the equipment we've been talking about. And, Your Honor, this is set forth on page 12 of our Petition to Open or Strike. So first they have to attempt to secure the money from the other collateral, the equipment, and they have to provide written notice of the [B]ank's demand for payment under this [Guaranty]. The [C]omplaint [in] Confession of Judgment is devoid of any averment that that was done[,] let alone that written demand be attached to the [C]omplaint and which notice shall include the [B]ank's certification that it has pursued reasonable recourse against the [B]orrower. There's no indication that that condition precedent was built in connection with the Confessed Judgment and there's no evidence of record that this was done. This is the failure of a condition precedent to file a Confession of Judgment, a defect on the face of the record." (10/19/15 N.T. 14-17).

When asked by the Court whether he agreed with the foregoing argument, Plaintiff's counsel replied that the limited Guaranty executed by the Defendant, Mrs. Matthias, required the Plaintiff to go after the assets listed in Exhibit A appended thereto, consisting of Penn Photomounts' equipment, before Plaintiff could go after the house. (*Id.,* 17). However, because the landlord of the facility where the equipment was situated had filed a Writ of Possession against the Penn Photomounts property, the Plaintiff's ability to execute against this set of assets was clouded. (*Id.*). Plaintiff's counsel related that, moreover, in December of 2014, the Defendants had announced that an additional person, Joseph Morris, had been given a fifty percent share of Penn Photomounts' business. (*Id.*). Thirdly, Plaintiff's counsel argued that, having been unable to fulfill the requirement of proceeding against the Defendants' business assets, his ability to execute against the Matthias Defendants' house was rendered impossible because the Defendants had sold the residence without the Plaintiff's consent and moved to Florida. (*Id.,* 17-18). Counsel for the Defendants countered that Plaintiff held no mortgage or other security interest in the Defendants' home and was an unsecured creditor because Sovereign Bank had not assigned a security interest to the Plaintiff. (*Id.,* 18-19).

However, according to Plaintiff's counsel:

11

"Certainly they did, Your Honor. Furthermore, Your Honor, the [L]oan documents themselves state that the [L]ender is not required to perfect their security interest[,] so whether the security interests were perfected or not is completely irrelevant. Completely irrelevant by stated express language of the [L]oan documents." (*Id.*, 19).

Although the hearing transcript attributes the following remarks to Plaintiff's counsel, their nature indicates that they instead came from counsel for the Defendant (Mr. Gould):

"And, Your Honor, that certainly doesn't remove the procedural requirements of what they have to do before confessing judgment. As Your Honor knows, the Confession of Judgment provisions are strictly construed and conditions precedent to exercising those Confessions of Judgment are also strictly construed. If you're going to confess judgment[,] you['ve] got to do it the right way. You can't come in after the fact and say, oh well, it doesn't really matter. . .." (*Id.*, 19).

When queried by the Court as to how Plaintiff's counsel had done it "the wrong way?", counsel for the Defendants replied that Plaintiff's counsel did not fulfill all of the conditions precedent, the first of which was to seek to exercise his remedies against the equipment listed in Exhibit A. (*Id.*, 19-20). However, Plaintiff's counsel then reiterated the claim that doing so was rendered impossible due to the transfer of half ownership in the equipment to another individual, as well as by the existence of the landlord's Writ of Possession against the equipment. (*Id.*, 20). According to the Plaintiff, under the Limited Loan Guaranty signed by the Defendant, Alison S. Matthias, execution on the equipment listed as an asset in Exhibit A thereto was merely a step to be fulfilled before execution on the house could be undertaken. (*Id.*). In Plaintiff's view, since the Defendants had rendered both of these steps impossible to fulfill, Confession of Judgment against them had been properly pleaded and filed and, if the Defendants' Petitions to Open or Strike the Confessed Judgments were denied by the Court, the Plaintiff could transfer the said Judgments to Florida for execution. (*Id.*, 20-21).

Before listing further grounds for opening or striking the Plaintiff's Confessed Judgments, counsel for the Defendants opined that the Court could open or strike the Judgments

12

as to the Matthias Defendants and allow the Judgment against the company as the owner of the equipment listed in Exhibit A to remain. (*Id.*, 22). Counsel for the Defendants also stated his belief that the transfer of a fifty percent interest in the company did not constitute a fifty percent transfer of the assets because the business itself remained the obligor on the loans. (*Id.*, 21-22). Defense counsel reiterated that the Plaintiff had failed to follow certain procedural steps before confessing judgment after purchasing the subject Notes that amounted to more than a $1.4 Million obligation at a discount price of just over $600,000.00. (*Id.*, 22-23). Referencing the Complaint captioned with the court at Number 2015-1842, counsel for the Defendants asserted that the *Allonge* through which the notes were assigned to the Plaintiff by Sovereign Bank covered only the Notes and not any other Loan documents, including the Guaranties executed by the Matthias Defendants, because there was no express reference to any other documents in the *Allonge*. (*Id.*, 23). When reminded by Plaintiff's counsel that the subject Notes reference the Guaranties and other Loan documents, defense counsel urged that the striking of the Confessed Judgment would not prevent the Plaintiff from suing the Defendants for breaching their obligation to guarantee repayment of the Loans. (*Id.*, 24-25). Defense counsel tellingly admitted that the Defendants are "not alleging that they paid the amounts due under the note," but that "this judgment was improperly confessed" because the limited Guaranties were specifically negotiated to prevent the Lender from having "carte blanche" to go against the Guarantors directly. (*Id.*, 25).

Plaintiff's counsel then asserted that in neither of their Petitions to Strike or Open the within Confessed Judgment do the Defendants "ever aver that the debt isn't due." (*Id.*, 25-26). Plaintiff's counsel contended further that:

> "I just want to make it clear that. . .[the Defendants] don't come in here with clean hands. Okay. They come in here having sold their property and skirdled off to Florida and clouding title on the assets listed in the [Guaranty] and then asking you to say, hey, you can't grant judgment, you can't confess judgment on this because you didn't go after the

assets listed in Exhibit A. We can't, we can't go and get them. It didn't matter how many letters we sent them, whether they were certified mail, whether e-mail, doesn't matter, couldn't go after them because of the actions and the omissions of Defendants. Now they want. . .to hide behind those and they want you to tell me my client is not entitled to the money that they acknowledge that he's owed because of something he didn't do. But the issue is not something he didn't do. They didn't pay the landlord so that there's a Writ of Possession put in place that includes possession of the assets listed in Exhibit A, and then we can't go after the house because they sold it and they want to argue that we didn't. . .secure our interest. We're not required to pursuant to the terms of the [A]greement. There's no meritorious defense to their arguments, Your Honor. They make the arguments. I mean[,] aside from the arguments he's made[,] there are other arguments that we didn't attach to the original – we didn't aver [sic] the original [L]oan documents. Again, a specific express language of the security – of the [L]oan documents . . .and of the [Guaranties], limited and unlimited, specifically [an] averment at paragraph 20 of the [L]oan [Guaranties] specifically says that photostatic copies are acceptable specifically expressly. So again, their arguments are technical, and if they hadn't acted in the manner they had acted, i.e.[,] preventing us from going after the assets listed in the [Guaranty,] they would have an argument. But you can't come in, make the . . .Plaintiff's ability to collect impossible and then hide behind it." (Id., 26-27).

The Defendants' Petition to Strike and/or Open the Confessed Judgment captioned at Number 2015-1839 was denied and this appeal followed. The Defendants have submitted the following Concise Statement of Matters Complained of on Appeal:

"1.    The Trial Court committed an error of law in refusing to strike the subject confessed judgment, as the failure to attach the Carve Out Agreement – despite the fact that it provided for certain modifications to the terms of [the] note upon which [P]laintiff claims default and, consequently, the authority to confess judgment against [P]etitioners – constitutes a defect on the face of the Complaint.

2.    The Trial Court committed an error of law in refusing to strike the subject confessed judgment, as the failure to attach the 2003 and 2006 Business Loan Agreements – despite the fact that those agreements constituted related documents affecting the indebtedness and the note upon which Plaintiff claims default and, consequently, the authority to confess judgment against [P]etitioners – constitutes a defect on the face of the Complaint.

3.    The Trial Court committed an error of law in refusing to strike the subject confessed judgment, as a facial defect exists as to all Petitioners as Plaintiff fails to allege that it possesses the original instrument(s) upon which it confesses judgment and cannot, in light of the disclaimer of warranties in the Loan Sale Agreement[,] independently verify that the documents attached to the Complaint constitute true and correct copies of the originals.

4.    The Trial Court committed error in refusing to open the subject confessed judgment, as the failure to attach the [C]arve [O]ut [A]greement – despite the fact that it provided for certain modifications to the terms of [the] note upon which Plaintiff claims default and, consequently,

14

the authority to confess judgment against Petitioners – constitutes a valid defense to the confessed judgment.

5. The Trial Court committed error in refusing to open the subject confessed judgment, as the failure to attach the 2003 and 2006 Business Loan Agreements – despite the fact that those agreements constituted related documents affecting the indebtedness and the note upon which Plaintiff claims default and, consequently, the authority to confess judgment against Petitioners – constitutes a valid defense to the confessed judgment.

6. The Trial Court committed error in refusing to open the subject confessed judgment, as a valid defense exists as to all Petitioners as Plaintiff fails to allege that it possesses the original instrument(s) upon which it confesses judgment and cannot, in light of the disclaimer of warranties in the loan sale agreement[,] independently verify that the documents attached to the Complaint constitute true and correct copies of the originals.

7. The Trial Court committed error in refusing to open the subject confessed judgment, as Petitioners maintain a valid defense, as Plaintiff's claim for attorneys' fees is excessive and not reasonable." (Concise Statement of Matters Complained of on Appeal filed by the Defendants, Penn Photomounts Co., Inc. and C. David Matthias, in the case captioned at Number 15-001839 and docketed with the Pennsylvania Superior Court at Number 3447 EDA 2015, pp. 1-3).

### Discussion

The Defendants contended that this Confessed Judgment must be stricken or opened for the Plaintiff's failure to attach the Carve Out Agreement to the Complaint suggesting that it had modified their obligations on the $1 Million Loan of August 25, 2003. (Defendants' Concise Statement, Paragraphs 1, 4). However, the record reflects that the Carve Out Loan Agreement of June 29, 2012 lessened the Defendants' indebtedness on the August 25, 2003 Loan by $250,000.00, an amount that was clearly excluded by the Plaintiff from the indebtedness claimed pursuant to this Confessed Judgment on the $1 Million Note. Hence, the Carve Out Loan Agreement, which was the second Note upon which judgment has been confessed by the Plaintiff against the Defendants, is clearly documented in the record of the action docketed with the court at Number 2015-1842.

The Defendants reiterate these prayers for relief *vis a vis* Plaintiff's purported failure to include the "2002 and 2003" Business Loan Agreements that preceded the execution of the

15

Carve Out Agreement of June 29, 2012 in the record. (Concise Statement, Paragraphs 2, 5). It is here noted, however, that the Loan Sale Agreement referencing this transaction listed among the related documents a Business Loan Agreement executed and delivered by the Defendant, Penn Photomounts Co., Inc., to Sovereign Bank on August 25, 2003 and a Business Loan Agreement dated August 17, 2006 executed and delivered by the Defendant, Penn Photomounts Co., Inc., to Sovereign Bank. Clearly the former was executed and delivered on the date of the entry of the August 25, 2003 $1 Million Note, and the latter after the Defendants' default on that obligation had occurred in 2004, thus bringing it within the ambit of the Carve Out Loan Agreement of June 29, 2012. There is no mention whatsoever of a Business Loan Agreement from 2002.

Further, Defendants' Motion to Strike this Confessed Judgment references as missing from the Complaint certain Business Loan Agreements dated August 25, 2004 and August 17, 2006 instead. Besides the date of the first differing from those referenced hereinabove, these latter dates clearly took place after the execution of the $1 Million Loan transaction of August 25, 2003 and the date of its default when the obligation matured without payment having been made on June 30, 2004. (Defendants' Petition to Strike or Open Confessed Judgment captioned at Number 2015-1839, Paragraph 2, p. 1). The Defendants' concern over the failure to append these documents to the Confessed Judgment Complaint captioned at Number 2015-1839 is that Plaintiff's right to confess judgment against them may have been modified thereby. Nevertheless, no modification of the Defendants' obligations and liabilities on the August 25, 2003 Note is reflected in the applicable Note and Guaranties surrounding that instrument prior to default.

The Defendants additionally contended that this confessed judgment must be stricken or opened because Sovereign Bank's disclaimer of warranties set forth in Section 8 of the June 29, 2012 Loan Sale Agreement transferring this obligation to the Plaintiff destroyed his

16

right to confess Judgment against the Defendants on the August 25, 2003 Note and Guaranty. (Defendants' Concise Statement, Paragraphs 3, 6). Nevertheless, it has been shown that Section 8 of the Loan Sale Agreement relied upon by the defense expressly excluded from the disclaimer the documents set forth in Section 6 that were related to the sale of the $1 Million Loan obligation and thus, this issue is deemed to be totally lacking in foundation.

According to the Defendants' own case authorities, a confessed judgment would be stricken where a modified contract did not contain a warrant of attorney where one had been present in the original agreement. Solazo v. Boyle. 365 Pa. 586, 76 A.2d 179 (1950); Egyptian Sands Real Estate, Inc. v. Polony, 222 Pa. Super. 315, 321, 294 A.2d 799, 803 (1972). The Carve Out Loan Agreement upon which judgment has been confessed in the action numbered at 2015-1842 possesses a warrant of attorney, with such warrants also set forth in the Guaranties of both of the Matthias Defendants. Therefore, by its very nature, and in light of the time when it was executed, the Carve Out Agreement of June 29, 2012 was intended as a separate Note altogether, as evidenced by the deduction of its amount of $250,000.00 from the remaining liability on the August 25, 2003 Loan for $1 Million. The presence of Guaranties from both, instead of only one, of the Matthias Defendants for repayment of the balance of the Carve Out Loan attests to this highly permissible inference as well.

A court should grant a motion to strike a confessed judgment only if a fatal defect or irregularity appears on the face of the record. Manor Building Corp. v. Manor Complex Assoc., 435 Pa. Super. 246, 645 A.2d 843, 846 (1994). The facts averred in a confession of judgment complaint must be taken as true. Id. The court must review both the confession of judgment clause and the complaint itself to determine whether there is a defect. Id. A motion to strike, therefore, is not an appeal to the equitable powers of the court, and is not discretionary with the court. If the record is not self-sustaining, the judgment must be stricken. Franklin Interiors v.

17

Wall of Fame Management Co., Inc., 510 Pa. 597, 600, 511 A.2d 761, 762-763 (1986). A review of this Complaint in Confession of Judgment evinces a record that is self-sustaining and devoid of defects and that the Defendants' Petition to Strike it was appropriately denied.

Lastly, the Defendants contended that the "Trial Court committed error in refusing to open the subject confessed judgment, as Petitioners maintain a valid defense, as Plaintiff's claim for attorneys' fees is excessive and not reasonable." (Defendants' Concise Statement, Paragraph 7). "In cases where the judgment was grossly excessive or unauthorized by the instrument, . . . a motion to strike will be granted." Germantown Savings Bank v. Talacki, 441 Pa. Super. 513, 657 A.2d 1285, 1291 (1995), citing to McDowell Nat'l Bank v. Vasconi, 407 Pa. 233, 178 A.2d 589 (1962), and Van Arkel & Moss Prop., Inc. v. Kendor, Ltd., 276 Pa. Super. 547, 419 A.2d 593, 595 (1980). In this case, the Petitioners challenged the amount of the attorneys' fees as excessive and not reasonable. However, since it is clear that a charge of attorneys' fees of ten percent of the judgment are authorized by the Confession of Judgment warrants set forth on page one of the face of the August 25, 2003 Promissory Note and on page three of the Commercial Guaranty of the Note that was executed by the Defendant, C. David Matthias, and that Plaintiff has claimed no additional amount therefor, the claim that this confessed judgment must be opened for the presentation of a defense that they are excessive is baseless. Plum Tree Inc., v. Seligson, 224 Pa. Super. 471, 307 A.2d 298 (1973).

For all of the foregoing reasons, this Court's Order denying the Petition of the Defendants, Penn Photomounts Co., Inc. and C. David Matthias, to Strike and/or Open the Judgment Confessed at Number 2015-1839 must not be reversed on appeal.

II. Appeal Docketed in the Pennsylvania Superior Court at Number 3448 EDA 2015
Harold L. Zuber, Jr., Successor to New England Phoenix Co., Inc. v. Penn Photomounts Co.,
Inc., C. David Matthias and Alison S. Matthias, Delaware County Court of Common Pleas
Caption Number 15-001842

18

The Plaintiff alleged in the Confessed Judgment Complaint captioned at Number 2015-1842 that the $250,000.00 Loan, the terms for which are set forth in the June 29, 2012 Note to the Defendant, Penn Photomounts Co., Inc., and secured with the Unlimited Guaranty of the Defendant, C. David Matthias, and the Limited Guaranty of the Defendant, Alison S. Matthias, was assigned to NEPCO, on March 21, 2013, by means of an *Allonge*. (*Id.*, ¶ 7; Promissory Note - appended to the Complaint captioned at Number 2015-1842 as Exhibit A; Unlimited Guaranty of the Defendant, C. David Matthias - appended to the Complaint captioned at Number 2015-1842 as Exhibit B; Limited Guaranty of the Defendant, Alison S. Matthias - appended to the Complaint captioned at Number 2015-1842 as Exhibit C; *Allonge* from Sovereign Bank to NEPCO -appended to the Complaint captioned at Number 2015-1842 as Exhibit D). Subsequently, on June 28, 2013, also by means of an *Allonge*, Plaintiff acquired NEPCO's interest in the Loan and the accompanying Loan Documents, including the Note. (*Id.*, ¶ 8; Exhibits A – D; *Allonge* from NEPCO to the Plaintiff - appended to the Complaint captioned at Number 2015-1842 as Exhibit E).

Plaintiff contended that the Note matured on December 1, 2013, at which time, the amount outstanding thereon was $250,000.00, after which no payments were made, despite multiple requests, thus constituting an event of default by the Defendant Borrower on the obligation. (*Id.*, ¶¶ 11-18). The Plaintiff alleged in Count II of the Complaint that the Borrower's default averred in Count I thereof entitled the Plaintiff to confess judgment against the Loan Guarantors in the amount of $275,061.50, consisting of "the entire principal and balance of this note and all accrued interest, later (sic) charges and any and all amounts expended or advanced by lender relating to any collateral securing this note, together with costs of suit, and an attorney's commission of ten percent (10%) of the unpaid principal balance and accrued interest for collection." (*Id.*, Paragraphs 19-22, pp. 1-5).

The Plaintiff appended the following documents as Exhibits to the 2015-1842 Confession of Judgment Complaint:

Exhibit A – $250,000.00 Carve Out Promissory Note of June 29, 2012;

Exhibit B – Unlimited Guaranty of the Defendant, C. David Matthias to which a list of equipment owned by the Defendant, Penn Photomounts Co., Inc., was appended as Exhibit A followed by the Defendant's, C. David Matthias, signed "Disclosure for Confession of Judgment" wherein he acknowledged and agreed that . . . "he freely, knowingly, and intelligently waives these rights" [to prior notice and a hearing on the validity of any judgment and other claims"] and expressly agrees and consents to the Lender's entering judgment against [him] by confession;

Exhibit C – Limited Guaranty of the Defendant, Alison S. Matthias, to which a list of equipment owned by the Defendant, Penn Photomounts Co., Inc., was appended as Exhibit A followed by the the same "Disclosure for Confession of Judgment" that had been executed by the Defendant, C. David Matthias, wherein she acknowledged and agreed that she. . . "freely, knowingly, and intelligently waives these rights" [to prior notice and a hearing on the validity of any judgment and other claims] and expressly agrees and consents to the Lender's entering judgment against [her] by confession.

Exhibit D appended to the Confession of Judgment Complaint captioned at Number 2015-1842 is a copy of the *Allonge* memorializing Sovereign Bank's endorsement to NEPCO of this $250,000.00 Carve Out Loan on March 21, 2013. Exhibit E appended to this Complaint is a copy of the *Allonge* memorializing NEPCO's endorsement of the Carve Out Loan to the Plaintiff on June 28, 2013.

Also attached to the within Confession of Judgment Complaint were graphs assessing the amounts of the judgment being confessed and damages assessed on the June 29, 2012 Promissory Note as outstanding principal in the amount of $250,000.00, as well as costs in the amount of $61.50 and $25,000.00 in contractual attorney fees of ten percent of the principal per note, all totaling $275,061.50, with a determination of the amount of interest not included in these statements. The Plaintiff additionally appended to the 2015-1842 Confession of Judgment Complaint an "Affidavit of Default" dated February 26, 2015, in which he stated:

"Harold L. Zuber, Jr., being duly sworn according to law, deposes and says he is authorized to make this Affidavit and the Defendants are in default under the terms of the

20

instruments attached to the Complaint in Confession of Judgment, in that payment has not been made to Plaintiff in accordance with the terms thereof, as a result of which the amount of $275,061.50 is due and owing." (*Id.*, pp. 1-2).

The Promissory Note of June 29, 2012 guaranteed by the Defendants, C. David Matthias and Alison S. Matthias, bears express provisions necessitating that the terms of the Note shall be binding upon the Borrower and its successors and assigns and shall inure to the benefit of the Lender and its successors and assigns; and permits confession of judgment against the Borrower in the event of default. (Exhibit A to the Complaint captioned at Number 2015-1842, p. 3). The Note provided that the following events, among others, would constitute an event of "Default" on the Note: the Borrower's failure to make payment when due, or to comply with or to perform any other term, obligation, covenant or condition contained in the Note and related documents, or the making by the Borrower or Guarantor of false or misleading statements to the Lender in any material respect at this or any other time thereafter. (*Id.*, pp. 1-2).

Further, the Defendant, C. David Matthias, warranted in his Unlimited Guaranty and the Defendant, Alison S. Matthias, warranted in her Limited Guaranty of this Note:

"that this Guaranty shall not be affected by the illegality, invalidity or unenforceability of the Obligation guaranteed, by the fraudulent, illegal or improper act by the Borrower, the legal incapacity or any other defense of the Borrower, Guarantor or any other person obligated to the Bank consequential to transactions with the Borrower nor by the invalidation, by operation of law or otherwise, of all or any part of the obligations guaranteed hereby, including but not limited to any interest accruable on the obligations guaranteed hereby during the pendency of any bankruptcy or receivership proceeding of the Borrower[."] (Exhibit B appended to the Complaint captioned at Number 2015-1842, Section 13, p. 2; and Exhibit C appended to the Complaint captioned at Number 2015-1842, Section 13, pp. 2-3).

Moreover, both of the Matthias Defendants executed a provision by which:

"Guarantor waives: notice of acceptance hereof, presentment and protest of any instrument and notice thereof, notice of default and other notices to which Guarantor might otherwise be entitled; and any and all defenses, including without limitation, any and all defenses which the Borrower or any other party may have to the fullest extent permitted by law, any defense to this Guaranty based on impairment of collateral or on suretyship defenses of every type, and any right to exoneration or marshalling. . .." (Exhibit B appended to the Complaint captioned at

21

Number 2015-1842, p. 3; and Exhibit C appended to the Complaint captioned at Number 2015-1842, Section 13, pp. 2-3).

Finally, the following Confession of Judgment provision appears at the end of the Unlimited Guaranty of the Defendant, C. David Matthias pertaining to the June 29, 2012 Promissory Note:

"GUARANTOR AND BANK EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS GUARANTY, THE OBLIGATIONS GUARANTEED HEREBY, ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREE NOT TO SEEK TO CONSOLIDATE SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CAN NOT BE, OR HAS NOT BEEN WAIVED. GUARANTOR CERTIFIES THAT NEITHER THE BANK NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE BANK WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING SEEK TO ENFORCE THIS WAIVER OF A RIGHT TO TRIAL BY JURY.

CONFESSION OF JUDGMENT. GUARANTOR HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR GUARANTOR AFTER THE AMOUNTS HEREUNDER BECOME DUE AND WITH OR WITHOUT COMPLAINT FILED, CONFESS OR ENTER JUDGMENT AGAINST GUARANTOR FOR THE ENTIRE PRINCIPAL BALANCE OF THIS GUARANTY AND ALL ACCRUED INTEREST, LATE CHARGES AND ANY AND ALL AMOUNTS EXPENDED OR ADVANCED BY LENDER RELATING TO ANY COLLATERAL, SECURING THE INDEBTEDNESS, TOGETHER WITH COSTS OF SUIT, AND AN ATTORNEY'S COMMISSION OF TEN PERCENT (10%) OF THE UNPAID PRINCIPAL BALANCE AND ACCRUED INTEREST FOR COLLECTION, BUT IN ANY EVENT NOT LESS THAN FIVE HUNDRED DOLLARS ($500) ON WHICH JUDGMENT OR JUDGMENTS ONE OR MORE EXECUTIONS MAY ISSUE IMMEDIATELY; AND FOR SO DOING, THIS GUARANTY OR A COPY OF THIS GUARANTY VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT. THE AUTHORITY GRANTED IN THIS GUARANTY TO CONFESS JUDGMENT AGAINST GUARANTOR SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THIS GUARANTY. GUARANTOR HEREBY WAIVES ANY RIGHT GUARANTOR MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT AND STATES THAT EITHER A REPRESENTATIVE OF LENDER SPECIFICALLY CALLED THIS CONFESSION OF JUDGMENT PROVISION TO GUARANTOR'S ATTENTION OR GUARANTOR HAS BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL.

22

EACH UNDERSIGNED GUARANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS GUARANTY AND AGREES TO ITS TERMS. IN ADDITION, EACH GUARANTOR UNDERSTANDS THAT THIS GUARANTY IS EFFECTIVE UPON GUARANTOR'S EXECUTION AND DELIVERY OF THIS GUARANTY TO LENDER AND THAT THE GUARANTY WILL CONTINUE UNTIL TERMINATED IN THE MANNER SET FORTH IN THE SECTION TITLED 'DURATION OF GUARANTY'.[5] NO FORMAL ACCEPTANCE BY LENDER IS NECESSARY TO MAKE THIS GUARANTY EFFECTIVE. . .." (*Id.*, p. 4).

A somewhat differently worded Confession of Judgment provision is set forth as follows in the Limited Guaranty of the Defendant Alison S. Matthias:

"GUARANTOR HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR ATTORNEYS OR THE PROTHONOTARY OR CLERK OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA OR IN ANY OTHER JURISDICTION, UPON THE OCCURRENCE OF AN EVENT OF DEFAULT RESPECTING ANY OF THE OBLIGATIONS GUARANTEED HEREBY, TO APPEAR FOR GUARANTOR IN ANY SUCH COURT, WITH OR WITHOUT DECLARATION FILED, AS OF ANY TERM OR TIME THERE OR ELSEWHERE TO BE HELD AND THEREIN TO CONFESS OR ENTER JUDGMENT AGAINST GUARANTOR IN FAVOR OF BANK FOR ALL SUMS DUE OR TO BECOME DUE BY GUARANTOR TO BANK UNDER THIS GUARANTY WITH COSTS OF SUIT AND RELEASE OF ERRORS AND WITH THE GREATER OF TEN PERCENT (10%) OF SUCH SUMS OR $10,000 ADDED AS A REASONABLE ATTORNEY'S FEE AND FOR DOING SO THIS GUARANTY OR A COPY VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT. SUCH AUTHORITY AND POWER SHALL NOT BE EXHAUSTED BY ANY EXERCISE THEREOF, AND JUDGMENT MAY BE CONFESSED AS AFORESAID FROM TIME TO TIME AS OFTEN AS THERE IS OCCASION THEREFOR.

GUARANTOR ACKNOWLEDGES THAT IT HAS BEEN OR HAS HAD THE OPPORTUNITY TO BE REPRESENTED BY COUNSEL IN CONNECTION WITH THE EXECUTION AND DELIVERY OF THIS GUARANTY AND THAT IT KNOWINGLY WAIVES ITS RIGHT TO BE HEARD PRIOR TO THE ENTRY OF SUCH JUDGMENT AND UNDERSTANDS THAT, UPON SUCH ENTRY, SUCH JUDGMENT SHALL BECOME A LIEN ON ALL REAL PROPERTY OF GUARANTOR IN THE COUNTY WHERE SUCH JUDGMENT IS ENTERED.

GUARANTOR AND BANK EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS GUARANTY, THE OBLIGATIONS GUARANTEED HEREBY, ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREE NOT TO SEEK TO CONSOLIDATE SUCH ACTION WITH ANY OTHER ACTION IN WHICH A

---

[5] "This Guaranty shall remain in force until all obligations of Borrower are unconditionally paid in full." (*Id.*, p. 1.).

23

JURY TRIAL CAN NOT BE, OR HAS NOT BEEN WAIVED. GUARANTOR CERTIFIES THAT NEITHER THE BANK NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE BANK WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING SEEK TO ENFORCE THIS WAIVER OF A RIGHT TO TRIAL BY JURY." (Exhibit C appended to the Complaint captioned at Number 2015-1842, pp. 4-5).

The Defendants, Penn Photomounts Co., Inc., C. David Matthias and Alison S. Matthias, on May 12, 2015, or approximately three months after the Confessed Judgment captioned at Number 2015-1842 against them was filed, submitted their Petition to Strike or, in the Alternative, to Open the February [26, 2016] Confessed Judgment that was entered pursuant to the Complaint captioned at Number 2015-1842. Succinctly put, the following grounds were asserted in support of this Petition to Strike or, in the Alternative, to Open that Confessed Judgment based on purportedly "fatal defects" appearing on the face of the record and the availability of defenses to be made thereupon:

1. Plaintiff has failed to plead conditions precedent to confessing the within judgment, which the Defendants admit "have not occurred and could likely never occur", inasmuch as the Defendants admit that the assets securing the within Loan have been rendered impossible to execute upon due to the Defendants' own actions.

2. Plaintiff has no right to confess judgment against the Defendant Guarantors because the *Allonges* assigning the right to do so, on their face, make no reference to the assignment of the individual Guaranties and are ambiguous as to whether they pertain to the Note at issue in this action.

3. Plaintiff has assessed attorneys' fees against the Defendants without making a requisite showing of the reasonable nature thereof, and does not assert that the assessed amount is reasonable. (*Id.*, Paragraphs 1-4, Petition to Strike - Counts I through IV, pp. 2-3, 11-20; Petition to Open – Counts I through V, pp. 20-30).

The Plaintiff's thoroughgoing response to the Petition filed by the Defendants to Strike and/or Open the within confessed judgment is, again, that Plaintiff was left with no recourse but to confess judgment after the Defendants, C. David Matthias and Alison S. Matthias, had covertly sold their home that had served as collateral securing the confessed upon Notes and

24

moved to Florida. (Plaintiff's Answer to Petition of Defendants, Penn Photomounts Co., Inc., C. David Matthias and Alison S. Matthias, to Strike Off and/or Open Confessed Judgment captioned at Number 2015-1942, Paragraphs 1 – 4 and *passim*). And, here again, the record clearly adduces that the Defendants have not denied owing the balances due on both of the confessed upon Notes, nor having sold the subject collateral and moving to Florida without notification to the Plaintiff Assignee of both of these Loans. Indeed, the Defendants' averment that the condition precedent they insist should have been pleaded against them in writing was due to their own actions in making it impossible to fulfill in reality. (*Id.*). It is here noted as well that the within Note of June 29, 2012 expressly provided that the following events, among others, would constitute an event of "Default" on the Note: the Borrower's failure to make payment when due, or to comply with or to perform any other term, obligation, covenant or condition contained in the Note and related documents, or the making by the Borrower or Guarantor of false or misleading statements to the Lender in any material respect at this or any other time thereafter. (Exhibit A appended to the Confession of Judgment captioned at Number 2015-1842, pp. 1-2).

Plaintiff contended in his Answer to the Defendants' Petition to Strike the Judgment captioned at Number 2015-1842 that the Note confessed upon expressly provides that the Lender denomination on that instrument expressly includes its successors and assigns. (*Id.*, Paragraphs 40-60, pp. 11-19; Exhibit A to the Complaint captioned at Number 2015-1842, p. 3). Further, the Guaranties executed by the Matthias Defendants both provide that they "shall inure to the benefit of the Bank's successors and assigns." (*Id.*, Exhibits B and C appended to the Complaint captioned at Number 2015-1842, respectively at pp. 3 and 4). Hence, according to the Plaintiff, there could be no such irregularity or fatal defect of record upon which judgment had been entered on this Note and, that by selling the collateral without notice to the Plaintiff, the

25

Defendants made the condition precedent upon which they seek relief in the action captioned at Number 2015-1842, impossible for the Plaintiff to fulfill. (Plaintiff's Answer to Petition of Defendants to Strike Off and/or Open Confessed Judgment captioned at Number 2015-1842, Paragraphs 40-60, pp. 11-19, and *passim*). The Plaintiff additionally averred that: "Defendants would have this Court endorse their malfeasance as they simultaneously hide behind it." (*Id.*, Paragraph 60, p. 19 and *passim*).

Defendants alleged that the Plaintiff has no right to confess judgment against the Defendant Guarantors because the *Allonges* assigning the right to do so, on their face, make no reference to the assignment of the individual Guaranties and are ambiguous as to whether they pertain to the Note at issue in this action. However, on their face, both of the *Allonges* expressly state that the endorsement is intended to transfer the Promissory Note dated June 29, 2012 in the amount of $250,000.00 given by the Defendant, Penn Photomounts Co., Inc., to Sovereign Bank. (Confession of Judgment Complaint Numbered at 2015-1842, Exhibits D and E). A negotiable instrument is capable of transfer to a holder in due course by endorsement or delivery, such as occurred here, as well as the rights of the holder to sue in his or her own name, and the right to take free of the equities as against the assignor/payee. PA Uniform Commercial Code, Article 3, Negotiable Instruments, 13 Pa.C.S. §§ 3101 *et seq.*; Fischbach & Moore v. Philadelphia National Bank, 134 Pa. Super. 84, 3 A.2d 1011 (1939); First National Bank of Blairstown v. Goldberg, 340 Pa. 337, 17 A.2d 377 (1941). The documents appended to the instant Complaint fully allow for, and do not forbid, the assignment of this Note obligation to the Plaintiff as a successor in interest to the lending Bank. Moreover, the voluntarily assumed conditions applicable to the Defendants in their role as Guarantors explicitly establish a counseled waiver of the objections they are making here below as sophisticated business people accustomed to engaging in loan transfers of this size.

In this action, the Defendants have also challenged the amount of the attorneys' fees claimed pursuant to the Plaintiff's Confession of Judgment as excessive and not reasonable. However, since it is clear that a charge of attorneys' fees of ten percent of the judgment are authorized by the Confession of Judgment warrants set forth on page three of the face of the June 29, 2012 Promissory Note; on page four on the face of the Unlimited Guaranty of the Note that was executed by the Defendant, C. David Matthias; and on page four of the face of the Limited Guaranty of the Defendant, Alison S. Matthias, and that Plaintiff has claimed no additional amount therefor, the claim that this confessed judgment must be stricken as a defect on the record or opened for the presentation of a defense that they are excessive is baseless. Plum Tree Inc., v. Seligson, 224 Pa. Super. 471, 307 A.2d 298 (1973).

The Defendants' Petition to Strike and/or Open the Confessed Judgment captioned at Number 2015-1842 was denied and this appeal followed. The Defendants have submitted the following Concise Statement of Matters Complained of on Appeal:

"1. The Trial Court committed an error of law in refusing to strike the subject confessed judgment as to [the Defendant, Alison S. Matthias,] as the express conditions precedent to the pursuit and/or entry of a confessed judgment against [the Defendant, Alison S. Matthias,] under her limited guaranty have neither occurred nor are alleged to have occurred in the Complaint[.]

2. The Trial Court committed an error of law in refusing to strike the subject confessed judgment as to [the Defendant, C. David Matthias,] as the conditions precedent to the pursuit and/or entry of a confessed judgment against [the Defendant, C. David Matthias,] under his guaranty have neither occurred nor are alleged to have occurred in the Complaint.

3. The Trial Court committed an error of law in refusing to strike the subject confessed judgment as to All Defendants, [Penn Photomounts Co., Inc., Alison S. Matthias and C. David Matthias], as Plaintiff failed to allege that it possesses the original instrument(s) upon which it confessed judgment.

4. The Trial Court committed an error of law in refusing to strike the subject confessed judgment as to [the Defendants, Alison S. Matthias and C. David Matthias], as the *[A]llonges* to NEPCO and, subsequently, to [P]laintiff, make [no] reference to anything other than the note being assigned to NEPCO and [P]laintiff — including no reference to the guaranties of [the Defendants, Alison S. Matthias and C. David Matthias,] as being assigned; therefore [P]laintiff was not authorized to confess judgment against [the Defendant, C. David Matthias,] and/or [the Defendant, Alison S. Matthias].

5. The Trial Court committed error in refusing to open the subject confessed judgment, as [the Defendant, Alison S. Matthias,] maintains a valid defense, as the conditions precedent to the pursuit and/or entry of a confessed judgment against [the Defendant, Alison S. Matthias,] under her limited guaranty have neither occurred[,] nor are alleged to have occurred in the Complaint, nor can they occur.

6. The Trial Court committed error in refusing to open the subject confessed judgment, as [the Defendant, C. David Matthias,] maintains a valid defense, as the conditions precedent to the pursuit and/or entry of a confessed judgment against [the Defendant, C. David Matthias,] under his guaranty have neither occurred[,] nor are alleged to have occurred in the Complaint.

7. The Trial Court committed error in refusing to open the subject confessed judgment, as [the Defendants, Alison S. Matthias and C. David Matthias,] maintain a valid defense, as the *[A]llonges* to [NEPCO] and, subsequently, to Plaintiff, make [no] reference to anything other than the note being assigned to NEPCO and Plaintiff – including no reference to the guaranties of [the Defendants, C. David Matthias and Alison S. Matthias,] as being assigned; therefore [P]laintiff was not authorized to confess judgment against [the Defendant, C. David Matthias,] and/or [the Defendant, Alison S. Matthias].

8. The Trial Court committed error in refusing to open the subject confessed judgment, as Petitioners maintain a valid defense, as Plaintiff's claim for attorneys' fees is excessive and not reasonable." (Concise Statement of Matters Complained of on Appeal filed by the Defendants, Penn Photomounts Co., Inc., C. David Matthias and Alison S. Matthias, in the case captioned at Number 15-001842 and docketed with the Pennsylvania Superior Court at Number 3448 EDA 2015, pp. 1-3).

## Discussion

Prior discussion of the issues raised as to whether this judgment must be stricken or opened based on a purported failure by the Plaintiff to prove his right to possess and enforce the Loan instrument of June 29, 2012 has demonstrated that they are baseless. (Defendants' Concise Statement of Matters Complained of on Appeal, Paragraphs 4 and 7). Defendants' contention that the Plaintiff has not proved that he possesses the instruments upon which he has confessed judgment on this Note is equally unfounded on the face of the record. (*Id.*, Paragraph 3). The same must be said of the Defendants' contention regarding Plaintiff's claim for attorney fees being allegedly excessive and not reasonable. (*Id.*, Paragraph 8). What remains are the Defendants' claims that, because the Plaintiff did not plead in this Confession of Judgment

28

Complaint that he had fulfilled a condition precedent of attempting to execute upon the collateral securing this Note pursuant to the Limited Guaranty of the Defendant, Alison S. Matthias, and because he failed to do so, that this Judgment must be stricken due to that alleged defect on the face of the record or opened in order for the Defendants to present such a defense in court. (Defendants' Concise Statement, Paragraphs 1-2, and 5-6).

Pennsylvania Rule of Civil Procedure 2952 governing the requisites of pleading a Complaint in Confession of Judgment requires that the Plaintiff aver "(6) if the judgment may be entered only after a default or the occurrence of a condition precedent, an averment of the default or of the occurrence of the condition precedent." Pa. R.Civ.P. 2952(a)(6). There is no question presented regarding an alleged failure to plead the Defendants' default in payment of this obligation. However, the Defendants insisted that the Plaintiff's alleged lapse in pleading that he had attempted to execute upon the collateral, coupled with his putative failure to execute on the Defendants' business equipment and the home belonging to the Matthias Defendants, necessitated that this Judgment must be stricken or opened, respectively. The following material is excerpted from the Plaintiff's Memorandum of Law in Opposition to Defendants' Petition to Strike Off and/or Open Confessed Judgment:

"Throughout 2014, [Plaintiff] advised Defendants that he intended to confess judgment on Defendants in the event that Defendants allowed [Penn Photomounts Co., Inc.] to go defunct. Without advising [Plaintiff], Defendants covertly sold their home and moved to Florida, leaving PPI to go defunct, including failing to pay its employees and employment taxes and rent. The Landlord holds a judgment against Defendants in Delaware County Court of Common Pleas Docket No. 2014-002343 and is in possession of the assets listed in Exhibit "A" of the Defendants' personal [Guaranties]. Further, despite repeated requests, as indicated in Exhibit "A" of Plaintiff's Reply to Defendants' Petition to Strike Off and/or Open Confessed Judgment, Defendant[s] [refuse] to give Plaintiff possession of the assets listed in Exhibit "A" of the Defendants' personal [Guaranties].

In response, on or about February 26, 2015, [Plaintiff] confessed judgment against Defendants pursuant to his rights per the terms of the Loan Documents. On or about May 12, 2015, Defendants filed a Petition to Strike Off and/or Open Judgment and for Stay of Execution. Defendants complain in their Petition to Strike-Off or Open the Judgment (the "Petition") that Plaintiff did not attempt to execute upon Defendants[', C. David Matthias

29

and Alison S. Mathias] home located at 116 Pine Road, Radnor, Pennsylvania. However, as explicitly [pled] by Defendants in their Petition and Memorandum of Law, Defendants sold their home to a third party." (*Id.*, pp. 2-3).

Although Pennsylvania law allows for a confessed judgment to be stricken on grounds of the failure to plead fulfillment of a condition precedent in the Complaint, it is doubtful that the instant facts and circumstances are credible grounds for enforcing such a requirement. See, *e.g.* Dime Bank v. Andrews, 115 A.3d 358 (Pa. Super. 2015). It is to be recalled in this instance that the Defendants have not denied owing the sums due on either of the Loan obligations in litigation before this Court, nor making it impossible for the Plaintiff to recover any or all of the balance from selling the collateral. The Defendants are seemingly thumbing their noses at everyone even remotely involved with this transaction, including the reportedly defunct Penn Photomounts Co., Inc., the now abandoned Borrower on the Loans, as well as the Defendants' former employees and the landlord of the premises where they worked. What makes this conduct so egregious is that the Defendants had knowingly and willingly executed Loan documents and Guaranties setting forth numerous provisions detailed hereinabove that required good faith and honest dealing on their part, as well as notice to the Lender and its assigns that any change had been made in their circumstances and in the availability of the Loans' collateral.

Therefore, the Defendants must not be allowed to prevail on a technical matter of alleged failure to plead a circumstance of which they were well aware and had caused themselves so as to lengthen the time it would take for justice to prevail on behalf of the Lender and its successors of whom they have taken what can only be described as mean-spirited advantage for well over a decade.

30

## Conclusion

A petition to strike a confessed judgment operates as a demurrer that will be granted solely on grounds of the pleading in the petition of a fatal defect existing on the face of the record. DeCoatsworth v. Jones, 639 A.2d 792 (Pa. 1994); Manor Building Corp. v. Manor Complex Assoc., 645 A.2d 843, 846 (Pa. Super. 1994). When ruling on a petition to strike a confessed judgment, "a court may look only to the record as filed by the party in whose favor the warrant is given, *i.e.,* the complaint and the documents containing the warrant of attorney." Resolution Trust v. Copley Qu-Wayne Associates, 683 A.2d 269, 273 (Pa. 1996). Where an alleged defect in a judgment entered by confession is based upon facts which are not of record, the defendant must file a petition to open the judgment. *Id.;* Prestressed Structures, Inc. v. Bargain City USA, 413 Pa. 262, 196 A.2d 338 (1964). For all of the foregoing reasons, the Defendants have failed to show a defect in this record that would require a striking of this confessed judgment.

In order to prevail on their Petition to Open this confessed Judgment, the Defendants were required to respond promptly to the judgment confessed against them, about which no issue has been raised here below, to allege a meritorious defense, and to present sufficient evidence that would allow its submission to a jury. Lambakis v. Exar, 340 Pa. Super. 483, 490 A.2d 882 (1985). The evidence produced must be clear, direct, precise, believable and credible. Stahl Oil Company, Inc. v. Helsel, 860 A.2d 508, 512 (Pa. Super. 2004), *app. den.,* 885 A.2d 43 (Pa. 2005); Germantown Savings Bank v. Talacki, 441 Pa. Super. 513, 657 A.2d 1285 (1995). Appellate review of an order denying a petition to open a confessed judgment involves analysis as to whether or not the lower court has abused its discretion. PNC Bank v. Kerr, 802 A.2d 634, 638 (Pa. Super. 2002)(a petition to open judgment is an appeal to the equitable powers of the court. As such, it is committed to the sound discretion of the hearing court and will not be

31

disturbed absent a manifest abuse of discretion).

It is the law of this Commonwealth that every contract imposes a duty of good faith, honesty and fair dealing on the parties in the performance and the enforcement of the contract. Giant Food Stores, LLC v. THF Silver Spring Development, L.P., 959 A.2d 438 (Pa. Super. 2008), app. den., 972 A.2d 522 (Pa. 2009). Both the implied covenant of good faith, and the above-described doctrine of necessary implication, are principles which courts use to harmonize the reasonable expectations of parties with their intentions and the terms in their contract. Stamerro v. Stamerro, 889 A.2d 1251 (Pa. Super. 2005). The obligation to act in good faith in performance of contractual duties varies somewhat with context, but it is possible to recognize certain strains of bad faith which include: (1) evasion of the spirit of the bargain; (2) lack of diligence and slacking off in performing contracted-for obligations; (3) willful rendering of imperfect performance of those obligations; (4) abuse of power to specify terms of the contract; and (5) interference with, or failure to cooperate in, the other party's performance of its contractual obligations. Id. at 1259.

Because the record is replete with evidence of the bad faith conduct of the Defendants toward the Plaintiff surrounding his efforts to collect upon both of the Loan obligations confessed upon in the actions numbered 2015-1839 and 2015-1842, the Court, could not, in good conscience, rule in their favor and these rulings must not be reversed on appeal.

BY THE COURT:

CHARLES B. BURR, II, S.J.

32